UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:06-cr-88-FtM-29SPC

ISAAC L. MARION

_____

### OPINION AND ORDER

_____This matter came before the Court on February 22, 2007 for sentencing.  Defendant made objections to the Presentence Sentence concerning his criminal history, which in turn requires a determination of defendant's relevant conduct.  Defendant filed a Memorandum Regarding Entry by Defendant Into Conspiracy (Doc. #125) on February 20, 2007, and the government filed a responsive Sentencing Memorandum (Doc. #133) on March 2, 2007.  The Court makes the following determinations pursuant to Fed. R. Crim. P. 32(i)(3)(B).

Defendant Isaac L. Marion Sr. (Marion Sr.) was named in two counts of a three-count Indictment (Doc. #3).  Count One charged that from an unknown date "but at least by in or about December 2000 through and including December 18, 2005" Marion Sr. and others conspired to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine.  Court Three charged that on or about July 15, 2005,

Marion Sr. distributed a mixture or substance containing a detectable amount of cocaine.

The Presentence Report calculated defendant's Criminal History at Category II under the Sentencing Guidelines. Defendant objects to the assessment of one point for a Driving Under the Influence conviction, arguing that this conviction is not within the ten year period which allows it to be scored under the Sentencing Guidelines. Whether the DUI conviction is counted is determined by U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(e)(2), which provides: "Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." Defendant does not contest the Presentence Report's statements that he was arrested for DUI on March 8, 1990, and was convicted and sentenced on October 26, 1991. Thus, it is undisputed that the DUI sentenced was "imposed" within the meaning of § 4A1.2(e)(2) on October 26, 1991. United States v. Adams, 403 F.3d 1257 (11th Cir. 2005); United States v. Arnold, 213 F.3d 894 (11th Cir. 2000). The issue is whether October 26, 1991, is "within ten years of the defendant's commencement of the instant offense."

The relevant "instant offense" in this case is the conspiracy count. Defendant pled guilty to both charged counts pursuant to a written Plea Agreement (Doc. #83). In the Plea Agreement, defendant admitted that "[b]eginning by at least December 2000, the defendant, Isaac L. Marion (Marion Sr.) became involved in the distribution of controlled substances in the Fort Myers, Florida

-2-

area." (Doc. #83, p. 15.)  Defendant and the government agree that defendant sold cocaine in the Fort Myers, Florida area beginning by at least December, 2000[1], but further agree that these sales were not pursuant to or as a member of the conspiracy charged in Count One.   The government now proffers, and defendant agrees, that defendant did not become a member of the charged conspiracy until 2002.   Thus, defendant's literal commencement of the instant offense is in 2002, when the parties agree he first became a member of the charged conspiracy.  This is clearly outside the ten-year window.

The government correctly argues, however, that "commencement of the instant offense" must include "relevant conduct" under the Sentencing Guidelines.  Sentencing Conduct, § 4A1.2 app. n.8.  The government asserts that the non-conspiracy sales of cocaine by defendant in Fort Myers beginning in June, 2000 must be considered relevant conduct.  So considered, the prior cocaine sales extend the "instant offense" far enough back in time to come within the ten year window for criminal history purposes.

As pertinent to this case, "relevant conduct" includes all acts and omissions committed by the defendant that occurred during the commission of the offense of conviction, U.S. SENTENCING GUIDELINES MANUAL § 1B1.3(a)(1), and acts and omissions committed by defendant that were part of the same course of conduct or common scheme or

---

[1] The government asserts that it can prove cocaine sales in Fort Myers going back to June, 2000.

plan as the offense of conviction.  U.S. SENTENCING GUIDELINES MANUAL § 1B1.3(a)(2).  "The Court broadly interprets the provisions of the relevant conduct guideline."  United States v. Behr, 93 F.3d 764, 765 (11th Cir. 1996).  The Background commentary to § 1B1.3 states that "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction."  The issue in this case becomes whether the cocaine sales which pre-date defendant's 2002 joining of the charged conspiracy are either part of the "same course of conduct" or part of the same "common scheme or plan" as the Count One conspiracy.

Under the Sentencing Guidelines, a "common scheme or plan" requires that two or more offenses "must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose or similar modus operandi."  U.S. SENTENCING GUIDELINES MANUAL § 1B1.3 app. n.9(A). Offenses which do not qualify as part of a common scheme or plan may qualify as part of the "same course of conduct" "if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses."  U.S. SENTENCING GUIDELINES MANUAL § 1B1.3 app. n.9(B).  "Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct

-4-

include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." Id. "When one of the above factors is absent, a stronger presence of at least one of the other factors is required." Id.

The relevant conduct provision was designed to take account of "a pattern of misconduct that cannot readily be broken into discrete, identifiable units that are meaningful for purposes of sentencing," and therefore "when illegal conduct does exist in discrete, identifiable units apart from the offense of conviction, the Guidelines anticipate a separate charge for such conduct." United States v. Maxwell, 34 F.3d 1006, 1010-11 (11th Cir. 1994). To determine relevant conduct, the Court looks "to the 'similarity, regularity, and temporal proximity' between the offense of conviction and the uncharged conduct." United States v. Amedeo, 370 F.3d 1305, 1314 (11th Cir. 2004)(quoting Maxwell, 34 F.3d at 1011)); United States v. Blanc, 146 F.3d 847, 853 n.1 (11th Cir. 1998). "We must consider whether there are distinctive similarities between the offense of conviction and the remote conduct that signal that they are part of a single course of conduct rather than isolated, unrelated events that happen only to be similar in kind." Id. It is reversible error to consider conduct which exists in discrete, identifiable units apart from the offense of conviction as relevant conduct. Maxwell, 34 F.3d at 1011. While separately charged conduct which is dismissed pursuant

-5-

to a plea agreement is not *categorically* excluded as relevant conduct, the fact of a separate charge suggests that the dismissed offense was sufficiently distinct from the offense of conviction. Amedeo, 370 F.3d at 1315-16.

The Court rejects defendant's argument that conduct can only be "relevant conduct" if committed during the time period of the charged conspiracy or defendant's participation in the charged conspiracy. Nothing in the definitions of "common scheme or plan" or "same course of conduct" requires such a time restriction. Events occurring prior to the charged conspiracy and prior to a defendant's entry into the conspiracy can properly be considered relevant conduct.

It is also clear that the Court may use uncharged, or even acquitted conduct, in determining a defendant's sentence. United States v. Faust, 456 F.3d 1342, 1347 (11th Cir. 2006). This is so even after United States v. Booker, 543 U.S. 220 (2005). Faust, 456 F.3d at 1347-48.

The Court finds, however, that the government has not established that the pre-2002 sales of cocaine are part of relevant conduct in this case. The government has not shown a factual basis which would allow the Court to find that the pre-conspiracy cocaine sales are either part of the same course of conduct or part of the same common scheme or plan. All that is before the Court is that defendant sold cocaine in the Fort Myers area before he joined the conspiracy, and then sold cocaine in furtherance of the conspiracy

-6-

after he joined it.  The Eleventh Circuit has already rejected this as a sufficient basis to find relevant conduct.  <u>Maxwell</u>, 34 F.3d at 1011.

Accordingly, it is now

**ORDERED:**

1.  Defendant's objections to ¶¶ 29 and 31 are sustained, and the one point in ¶ 29 is deleted.  Paragraph 31 is corrected to reflect a total criminal history points of 1, and the resulting criminal history category of I.

2.  Defendant now qualifies for the safety valve, since both sides agree he as satisfied all the requirements.  A two level decrease for safety valve will be subtracted in ¶ 19 of the Presentence Report.  Paragraph 23 becomes level 34, and ¶ 26 becomes a Total Offense Level of 31.

3.  Paragraph 60 shall be corrected to reflect a total offense level of 31 and a criminal history category of I, for a Sentencing Guidelines range of 108-135 months.

4.  Pursuant to Fed. R. Crim. P. 32(i)(3)(C), the U.S. Probation Office is directed to append a copy of this Opinion and Order to any copy of the presentence report made available to the Bureau of Prisons.

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of March, 2007.

JOHN E. STEELE
United States District Judge

-7-

Copies:
Counsel of Record
U.S. Probation