UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:06-cr-88-FtM-29SPC

ISAAC L. MARION
ISAAC L. MARION, JR.
_____

## OPINION AND ORDER

On December 18, 2007, an ancillary hearing in the forfeiture proceedings in this criminal case came before the Court pursuant to 21 U.S.C. § 853(n)(2)-(6) to adjudicate the validity of the alleged interests of third parties in 862 Zana Drive, Fort Myers, Florida and 856 Zana Drive, Fort Myers.  At the scheduled hearing the government advised the Court that it would be filing a civil Verified Complaint for Forfeiture In Rem as to these two properties (and two other properties), and suggested that the Court do nothing further in connection with forfeiture in the criminal case. Petitioner Beverly A. Gray objected, and stood ready to proceed as scheduled.  The Verified Complaint was filed in Case No. 2:07-cv-822-FtM-29SPC while arguments were being heard.

**I.**

The Indictment (Doc. #3) contains a forfeiture provision seeking forfeitures pursuant to 21 U.S.C. § 853.  It specifically identifies seven real properties: (1) 2929 Market Street, Fort

Myers, Florida; (2) 881 Jarmilla Lane, Fort Myers, Florida; (3) 3370 Highland Avenue, Fort Myers, Florida; (4) 862 Zana Drive, Fort Myers, Florida; (5) 856 Zana Drive, Fort Myers, Florida; (6) 2675 Blake Street, Fort Myers, Florida; and (7) 3741 Madison Avenue, Fort Myers, Florida, and four motor vehicles as being subject to forfeiture.  The government filed the Government's Notices of Lis Pendens (Docs. #8-15, 149) as to these properties stating that the government "is seeking to forfeit certain real property, including all appurtenances thereto and improvements thereon, located at . . . ." pursuant to 21 U.S.C. § 853.

In due course the defendants pled guilty, and two defendants agreed to forfeit their interests in certain of the real properties.  The Court entered Judgment (Doc. #138) as to Isaac L Marion forfeiting his interest in 2929 Market Street, 881 Jamilla Lane, 2675 Blake Street, 3741 Madison Avenue, and two vehicles.  The Court entered Judgment (Doc. #198) as to Issac L. Marion, Jr. Forfeiting his interest in 862 Zana Drive and 856 Zana Drive.  No defendant forfeited his interest in 3370 Highland Avenue.  On November 16, 2006, a second Assistant United States Attorney entered a Notice of Appearance "in regard to forfeiture proceedings in the above-styled cause."  (Doc. #91.)

Pursuant to 21 U.S.C. § 853 the government filed two Motion[s] of the United States of America For Entry of a Preliminary Order of Forfeiture (Docs. #117, #158) relating to the right, title and interest of the defendants in the real property located at 2929

Market Street, 881 Jarmilla Lane, 2675 Blake Street, 3741 Madison Avenue, 862 Zana Drive, and 856 Zana Drive.  These motions also stated: "Because the Preliminary Order of Forfeiture forfeits only the interest of defendant [named defendant] in the subject property, the United States requests that the Court retain jurisdiction to enter any further orders necessary for the forfeiture and disposition of the subject property and to entertain any third party claims that may be asserted in these proceedings."  In due course the Court granted the motions, forfeited the interest of defendants in the real property, and "retain[ed] jurisdiction to enter any further orders necessary for the forfeiture and disposition of the subject property, and to entertain any third party claims that may be asserted in these proceedings."  (Docs. #136, #159.)

   The government caused notice of its intent to forfeit 862 Zana Drive, and 856 Zana Drive to be published (Docs. #181, #182, #183), as required by 21 U.S.C. § 853(n)(1).  No such notice has been published as to the other properties.

   Various entities and persons filed claims of interest in the property the government sought to forfeit.  Verified Petitions (Docs. #141, #180) were filed by the Lee County Tax Collector asserting a claim pursuant to 21 U.S.C. § 853(n).  A Verified Petition (Doc. #153) was filed by the Estate of Mary R. Marion asserting a claim pursuant to 21 U.S.C. § 853(n).  A Verified Claim of Interest (Doc. #178) was filed by Novastar Mortgage, Inc.

asserting a claim pursuant to 21 U.S.C. § 853(n). A Petition for Ancillary Proceedings in Forfeiture of Adjudication of Interest Under 21 U.S.C. § 853 (Doc. #184) was filed by Suncoast Schools Federal Credit Union. A Petition (Doc. #209) was filed by Patricia A. Gray asserting a claim pursuant to 21 U.S.C. § 853(n).

The government filed a Notice of Filing Expedited Stipulated Settlement Agreement Between the United States and Petitioner Suncoast Schools Federal Credit Union (Doc. #191). The settlement was "contingent upon a court-authorized interlocutory sale or forfeiture of the property to the United States, the United States' prevailing against any third parties alleging claims in an ancillary proceeding, and the court's entry of a Final Order of Forfeiture." (Doc. #191-2, ¶12.)

The Court then scheduled a hearing for November 2, 2007 pursuant to 21 U.S.C. § 853(n)(2)-(6) to adjudicate the validity of the alleged interests in 862 Zana Drive, Fort Myers, Florida and 856 Zana Drive, Fort Myers, Florida by (1) Navastar Mortgage, Inc. as to both properties, (2) Catherine M. Curtis, Tax Collector of Lee County, Florida as to both properties, and (3) Patricia A. Gray as to both properties.

The government filed a Stipulated Settlement Agreement Between the United States and Petitioner Lee County Tax Collector (Doc. #216) on October 25, 2007.

On October 25, 2007, the government filed its Motion to Continue the Ancillary Hearing (Doc. #217). The government

asserted that it and claimant Patricia A. Gray had decided that discovery was needed to resolve her claim and have agreed to an exchange of such discovery, and that the parties agreed to meet the following month and discuss the evidence and possible resolution. (Doc. #217, ¶6.)  The Court entered an Order (Doc. #218) granting the motion and continuing the ancillary hearing until December 18, 2007.

The government thereafter filed an Expedited Stipulated Settlement Agreement as to 856 Zana Drive Fort Myers, Florida (Doc. #219) with Novastar Mortgage, Inc.  The settlement was "contingent upon a court-authorized interlocutory sale or forfeiture of the property to the United States, the United States' prevailing against any third parties alleging claims in an ancillary proceeding, and the court's entry of a Final Order of Forfeiture." (Id. at ¶ 12.)  An identical Stipulated Settlement (Doc. #220) was filed as to 862 Zana Drive.

A Stipulated Settlement Agreement Between the United States and Petitioner Lee County Tax Collector (Doc. #223) was filed on November 5, 2007.

At the scheduled December 18, 2007 ancillary hearing, the government asserted that the Court could do nothing else in the criminal case, but rather must allow forfeiture to proceed in the newly-filed civil case.  The civil case relates to 862 Zana Drive and 856 Zana Drive, and two other properties not identified in the Indictment.

**II.**

The government has two methods of obtaining forfeiture. "The forfeiture may be obtained in a civil *in rem* proceeding or in a criminal *in personam* proceeding." United States v. Pease, 331 F.3d 809, 810 (11th Cir. 2003). The criminal forfeiture proceeding first forfeits the criminal defendant's interest in the property, then allows other claimants to show at an ancillary hearing before the court an interest superior to defendant's (and hence the government's) or that the claimant was a bona fide purchaser for value. If no claimant establishes a claim, the government has clear title to the property. 21 U.S.C. § 853(n); Pease, 331 F.3d at 810.

Here, the government chose criminal forfeiture. It encumbered the title to seven pieces of real property by filing *lis pendens*. It caused three claimants to incur attorney fees to reach settlement agreements as to their legitimate interests in the properties. It caused the sole claimant who has not settled to pursue her petition to an ancillary hearing, at which time it filed a civil complaint as to the properties. The government's view that the Court can or should do nothing in light of the civil complaint is simply not tenable. While the government may have resources to waste with duplicative proceedings, the Court and private litigants do not. Unless the government dismisses the criminal forfeiture

proceedings, the Court will conduct the ancillary proceeding previously scheduled.

Accordingly, it is now

**ORDERED:**

1. Since no defendant forfeited his interest in 3370 Highland Avenue, the United States shall show cause **on or before January 7, 2008** why the forfeiture proceedings should not be dismissed as to this property.

2. The United States shall also show cause **on or before January 7, 2008** why the forfeiture proceedings should not be dismissed and the *lis pendens* removed as to the following properties for failure to publish the required notice of forfeiture: (a) 2929 Market Street, Fort Myers, Florida; (b) 881 Jarmilla Lane, Fort Myers, Florida; (c) 2675 Blake Street, Fort Myers, Florida; and (d) 3741 Madison Avenue, Fort Myers, Florida.

3. The ancillary hearing as to 862 Zana Drive and 856 Zana Drive is rescheduled for **January 8, 2008 at 9:00 A.M.** before the undersigned, in **Courtroom A, Sixth Floor**, of the United States Courthouse, 2110 First Street, Fort Myers, Florida.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of December, 2007.

                                                  JOHN E. STEELE
                                                  United States District Judge

Copies: Counsel of record